UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CAROL WALKER,                    )
            Plaintiff,           )
                                 )
         v.                      ) C.A. No. 04-11496-PBS
                                 )
TERESA GARCIA, et al.,           )
            Defendants.          )

## MEMORANDUM AND ORDER

For the reasons stated below, the complaint will be served as to defendant Teresa Garcia only.  With respect to the remaining defendants, plaintiff is directed to show good cause, in writing, within thirty-five (35) days from the date of this Order, as to why his complaint should not be dismissed.

## ALLEGED FACTS

On June 29, 2004, pro se plaintiff Carol Walker filed a civil complaint and an application to proceed without prepayment of fees.  Plaintiff's application to proceed without prepayment of fees will be addressed in a separate order.

The complaint is somewhat confusing.  Plaintiff appears to allege that the defendant Theresa Garcia refused to provide her with an application for housing at "Academy Homes II" on the basis of her race.  Complaint ¶¶ 3, 10.  With respect to

the other two individual defendants, David Garcia[1] and Marie

Bonilla, plaintiff merely alleges that the defendant David

answered a telephone call and informed plaintiff that the

housing office manager Bonilla was out of the office until the

following day.  Complaint ¶7.  The complaint contains no

further specific allegations with respect to these two

defendants or the any of the other listed defendants, E.D.A.

Inc. Management Office, the U.S. Housing of Urban Development,

and Peabody Construction. Plaintiff seeks $1.5 Million in

damages and other relief, including the deed to a housing unit

of her choice.  Complaint ¶¶ 12-15.

ANALYSIS

I.    Plaintiff's Claims Are Subject To Preliminary Screening
      Pursuant To 28 U.S.C. § 1915

      Plaintiff seeks to proceed in this action without

prepayment of the filing fee.  Her complaint, therefore, is

subject to the screening provisions of 28 U.S.C. § 1915.  See

28 U.S.C. § 1915 (proceedings in forma pauperis).  Section

1915 authorizes a federal court to dismiss an in forma

pauperis action if the action lacks an arguable basis either

in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325

---

[1] Plaintiff also appears to list this defendant's name as "David Viega" in the caption to her pleadings.  It is not entirely clear whether David Viega and David Garcia are the same person.  There is no mention of a "David Viega" in the body of the complaint.

(1989), fails to state a claim on which relief may be granted,
or seeks monetary relief against a defendant who is immune
from such relief.  See 28 U.S.C. § 1915(e)(2).

II.  Plaintiff's Claim(s) Against Defendant Theresa Garcia

To the extent that plaintiff seeks to pursue a claim for
racial discrimination with respect to housing against
defendant Theresa Garcia, the complaint will be allowed to
proceed.

III.  Plaintiff's Complaint Is Subject To Dismissal With
      Respect To All Remaining Defendants

The Court recognizes that pro se complaints must be
liberally construed.  Haines v. Kerner, 404 U.S. 519, 520-21
(1972).  Nevertheless, to the extent that plaintiff intends to
assert claims against the remaining defendants in this action,
any such claims are subject to dismissal.  Rule 8(a) of the
Federal Rules of Civil Procedure requires a plaintiff to
include in his complaint, inter alia, "a short and plain
statement of the claim showing that the pleader is entitled to
relief."  Fed. R. Civ. P. 8(a)(2).  This standard sets forth a
relatively low pleading threshold, and generally, a court may
dismiss a complaint only if it is clear that no relief could
be granted under any set of facts that could be proved
consistent with the allegations contained in the complaint.
Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).

In this case, other than the allegation regarding plaintiff's telephone call with defendant David about defendant Bonilla's absence from the housing office, the complaint is entirely devoid of any factual allegations with respect to the remaining defendants.  Certainly the complaint contains no allegations that would provide even a minimal basis for a claim of racial discrimination against any of the other defendants.  For this reason, the complaint as against the remaining defendants is subject to dismissal for failure to state a claim upon which relief may be granted.

CONCLUSION

ACCORDINGLY, for the reasons set forth above, it is hereby ORDERED as follows:

I.   With respect to defendant Teresa Garcia only, the Clerk shall issue summonses and the United States Marshal shall serve a copy of the summons, complaint, and this Order upon defendant Garcia as directed by plaintiff with all costs of service to be advanced by the United States.

II.  With respect to all other defendants, plaintiff is directed to show good cause, in writing, as to why this complaint should not be dismissed in thirty-five (35) days from the date of this Order.

SO ORDERED.

Dated at Boston, Massachusetts, this 17th day of August, 2004.

                         s/ Patti B. Saris
                         UNITED STATES DISTRICT JUDGE